**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ROBERT M. NELSON; WILLIAM
BRUCE BANERDT; JULIA BELL;
JOSETTE BELLAN; DENNIS V.
BYRNES; GEORGE CARLISLE; KENT
ROBERT CROSSIN; LARRY R.
D'ADDARIO; RILEY M. DUREN;
PETER R. EISENHARDT; SUSAN D.J.
FOSTER; MATTHEW P. GOLOMBEK;
VAROUJAN GORJIAN; ZAREH
GORJIAN; ROBERT J. HAW; JAMES
KULLECK; SHARLON L. LAUBACH;
CHRISTIAN A. LINDENSMITH;
AMANDA MAINZER; SCOTT
MAXWELL; TIMOTHY P. MCELRATH;
SUSAN PARADISE; KONSTANTIN
PENANEN; CELESTE M. SATTER;
PETER M. B. SHAMES; AMY SNYDER
HALE; WILLIAM JOHN WALKER;
PAUL R. WEISSMAN,
              *Plaintiffs-Appellants,*

No. 07-56424

D.C. No.
CV-07-05669-ODW
Central District of
California,
Los Angeles

ORDER

14095

v.

National Aeronautics and Space
Administration, an Agency of the
United States; Michael Griffin,
Director of NASA, in his official
capacity only; United States
Department of Commerce; Carlos
M. Gutierrez, Secretary of
Commerce, in his official capacity
only; California Institute of
Technology,
                    *Defendants-Appellees.*

Filed October 11, 2007

Before: Betty B. Fletcher, Stephen Reinhardt and
Marsha S. Berzon, Circuit Judges.

---

**ORDER**

Appellants' motion for an injunction pending appeal is
granted. Appellants raise serious legal and constitutional
questions, and the balance of hardships tips sharply in their
favor. *See Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir.
1983), *rev'd in part on other grounds*, 463 U.S. 1328, 464
U.S. 879 (1983).

Appellants raise various legal and constitutional challenges
to appellees' requirement that appellants each complete a
questionnaire and execute a waiver for release of information.
The questionnaire requires some information to which appel-
lants do not object, such as appellant's name, date of birth,
place of birth, and social security number. However, the ques-
tionnaire also includes inquiries to which appellants do object,

including an inquiry about counseling they may have received. Appellants also object to the general waiver for release of information on the ground that it is overly broad and is not limited to information pertinent to their identity.

Appellees' questionnaire and waiver were adopted to implement Homeland Security Presidential Directive 12 (HSPD-12), which requires the promulgation of a federal standard for "secure and reliable forms of identification." Appellees' interest in obtaining the completed forms for the purpose of investigating the identity of appellants is questionable, as the information that may be obtained goes far beyond that purpose. The waiver for release of information form authorizes appellees to perform a background investigation "to obtain any information relating to activities from schools, residential management agents, employers, criminal justice agencies, retail business establishments, or other sources of information." Most appellants have worked for the Jet Propulsion Laboratory for over twenty years; none are required to have security clearances, as none have access to classified or secret material. All appellants have been designated "low risk" employees.

Because of the nature of the information subject to which the waiver applies, serious privacy concerns arise. This court has recognized the right to informational privacy. To justify actions infringing upon the right, the government must show that its use of the information would advance a legitimate state interest and that its actions are narrowly tailored to meet that interest. *See In re Crawford*, 194 F.3d 954, 958 (9th Cir. 1999); *see also Whalen v. Roe*, 429 U.S. 589, 598-99 (1977).

The balance of hardships tips sharply in favor of appellants because if appellants do not complete the questionnaires for non-sensitive positions and the waivers for release of information, they are scheduled to lose their jobs before the appeal will be heard. On the other side of the scale, there is no emergency as to appellees' need for the answers to the question-

naires or for the execution of the waiver forms during the less than two months remaining before the case will be argued; it has been more than three years since the Presidential Directive the government is relying upon was issued. Moreover, the need for the information to be collected is questionable in general, given the absence of any apparent relationship between its collection and the production of reliable identification cards for these employees. Accordingly, the injunction granted by this court on October 5, 2007 will continue in effect pending an expeditious appeal.

Appellants' motion for a stay of district court proceedings is denied.

The briefing schedule previously established remains in effect.

The Clerk shall calendar this appeal during the week of December 3-7, 2007, in San Francisco or Pasadena, California.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2007 Thomson/West.